IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICKEY S. SPEARS,<br>　　　　Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:11-CV-0954-N-BH |
| BOB ALFORD, Sheriff,<br>Johnson County, Texas,<br>　　　　Respondent. | )<br>)<br>)<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

## I. BACKGROUND

Petitioner, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a petition for habeas corpus relief under 28 U.S.C. § 2241 that was received on May 4, 2011, in the Fort Worth Division of this Court. On May 6, 2011, the case was transferred to the Dallas Division, where petitioner was incarcerated. On May 10, 2011, the Court issued a *Notice of Deficiency and Order* notifying him that he had neither paid the filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"). He was ordered to either pay the fee or file an IFP motion within thirty days. More than thirty days from the date of that order have passed, but petitioner has not paid the fee or filed anything else.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order that he pay the fee or file an IFP motion within thirty days. This case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

This case should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court.

**SIGNED this 27th day of June, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE